OPINION
{¶ 1} Plaintiff-appellant Tracy J. Miller appeals from the June 10, 2004, Judgment Entry of the Ashland County Court of Common Pleas which granted Summary Judgment in favor of defendant-appellee Erie Insurance Company.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 8, 2002, Pamela J. Miner was a passenger in her own vehicle which was operated by her husband, David L. Miner. They were both killed as a result of an automobile accident. The tortfeasor, Venita C. Ellis, and a passenger in her vehicle, were also killed.
 {¶ 3} Tracy J. Miller [hereinafter appellant] was Pamela's adult daughter who lived with Pamela and David, her stepfather. Pamela was also survived by two other adult children. Pamela's sister, Kimberly Harvey, was appointed Executrix of Pamela's Estate.
 {¶ 4} The tortfeasor had automobile liability insurance coverage of $50,000 per person and $100,000 per accident. The various wrongful death claims resulting from the accident were settled for the tortfeasor's policy limits. The Estate of Pamela J. Miner received $25,000 from the $100,000 settlement. The Estate of David L. Miner also received $25,000 from the $100,000. Appellant received money from the Estate but less than $25,000.
 {¶ 5} At the time of the accident, appellant had a separate policy with defendant-appellee Erie Insurance Company [hereinafter Erie] on her own vehicle. That policy provided for underinsured motorist coverage with limits of $25,000.00 per person and $50,000.00 per accident. Appellant notified Erie of an underinsured claim. Erie gave its permission to settle with the tortfeasor and waived its subrogation rights. However, Erie denied appellant any underinsured motorist benefits claiming setoff of the amount paid by the tortfeasor's policy to the Estate of Pamela Miner.
 {¶ 6} On May 28, 2002, appellant filed a suit against Erie seeking $18,949.93, or the difference between her policy limit of $25,000 and the amount appellant claimed that she had received from the Estate of Pamela Miner, $6,050.07, plus interest and costs. Subsequently, Erie filed a Motion for Summary Judgment. The basis for the Motion for Summary Judgment was that the $50,000 paid by the tortfeasor's liability insurance carrier to each of the Estates of Pamela and David Miner, who were insureds under the terms of the policy, completely setoff the $25,000 UM/UIM coverage available under the Erie policy.
 {¶ 7} By Judgment Entry filed June 10, 2004, the trial court granted Summary Judgment in favor of Erie. The trial court agreed with Erie and found that appellant was not entitled to receive any payments due to the setoff, as required under the cases of Littrell v. Wigglesworth,91 Ohio St.3d 425, 2001-Ohio-87, 746 N.E.2d 1077 and Stickney v. StateFarm Mut. Auto Ins. Co., 91 Ohio St.3d at 433.
 {¶ 8} It is from this grant of Summary Judgment that appellant appeals, raising the following assignment of error:
 {¶ 9} "The trial court erred by granting summary judgment to appellee, erie insurance company, where the amount available for payment to appellant for wrongful death damages for setoff purposes was less than the underinsured motorist's coverage in erie's policy issued to appellant."
 {¶ 10} This matter reaches us upon a grant of summary judgment. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36,506 N.E.2d 212. As such, we must refer to Civ.R. 56(C) which provides the following, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 11} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259,674 N.E.2d 1164, citing Dresher v. Burt, 75 Ohio St.3d 280, 295,1996-Ohio-107, 662 N.E.2d 264.
 {¶ 12} It is pursuant to this standard that we review appellant's assignments of error.
 {¶ 13} In the sole assignment of error, appellant argues that the trial court erred when it granted summary judgment in favor of appellee, Erie Insurance Co. The trial court stated that it did so for the reasons stated in Erie's Motion for Summary Judgment. Although this court's review is de novo, a review of appellee's argument, as presented in the Motion for Summary Judgment is helpful in deciding this issue.
 {¶ 14} In its motion for summary judgment, Erie argued that it was entitled to summary judgment because the UM/UIM coverage provided by appellant's policy was completely set-off by the amounts received by the decedents' Estates from the tortfeaser's liability insurance carrier. Specifically, Erie contended that appellant's policy offered UM/UIM coverage to any "relative". "Relative" was defined as "a resident of your household who is . . . a person related to you by blood, marriage or adoption." UM/UIM Endorsement to Appellant's Erie policy (emphasis omitted). The term "resident" was defined as "a person who physically lives with you in your household." Id. By applying those definitions, Erie argued that the decedents, Pamela and David Miner, qualified as insureds under the policy. They were both related to appellant by blood or marriage and both resided with her in the same household. Erie then pointed out that the Estates of Pamela and David Miner had each received $25,000.00, for a total of $50,000.00, from the tortfeaser's liability insurer. Erie concluded that because insureds under the policy had received more than the limits of appellant's UM/UIM policy, the UM/UIM coverage was completely set-off.
 {¶ 15} On appeal, appellant first argues in her merit brief that Erie had argued that a limits-to-limits comparison should be applied to determine whether there had been a set-off of her UM/UIM benefits. Appellant contends that such a comparison is incorrect where the claims of multiple claimants result in a reduction of the amount available for payment to the insured to an amount below the underinsured motorist limits. Thus, appellant contends that she is entitled to coverage in the amount of $25,000.00 minus the amount she herself actually received.
 {¶ 16} However, appellant's argument has no merit. Appellant implies that the trial court granted summary judgment after incorrectly applying a limits-to-limits comparison of the tortfeasor's liability coverage to appellant's UM/UIM policy. That is not how the trial court came to the conclusion that there had been a total set-off. The trial court indicated that it came to that conclusion based upon Erie's assertion that the decedents were also insureds under the terms of the UM/UIM coverage. Thus, the trial court did not make the mistake alleged by appellant.
 {¶ 17} In her reply brief, appellant presents a response to Erie's actual argument by asserting that UM/UIM coverage was not applicable to Pamela because appellant's policy states that underinsured motorists coverage does not apply "to bodily injury to anyone we protect while occupying, or struck as a pedestrian by an uninsured or underinsured motor vehicle which is owned by you or a relative." Uninsured/Underinsured Motorists Bodily Injury Coverage Endorsement — Ohio, appellant's Erie Insurance Group Policy, Limitations on Our Duty to Pay, Para. 5(a) (emphasis omitted). Appellant argues that Pamela is excluded from UM/UIM coverage based on this language. Appellant points out that Pamela was occupying a vehicle Pamela owned at the time of the accident which caused her death. Appellant argues that Pamela was not covered, even though she was a household resident relative, for purposes of underinsured motorists' coverage as concerns this accident. Appellant argues that under these circumstances, she is the only person covered under the policy and that she is entitled to $11,804.78 ($25,000.00 minus the $13,195.22 that appellant received for the wrongful death of her mother, Pamela.)[1]
 {¶ 18} This Court disagrees with appellant's interpretation of that clause. Here, no one is seeking bodily injury benefits because the vehicle in which they were riding was underinsured. It was the tortfeasor's vehicle that was underinsured. Accordingly, we find that the decedents were not excluded from coverage pursuant to the exclusionary language of the UM/UIM portion of the Erie policy cited by the appellant.
 {¶ 19} Upon review of the terms of the UM/UIM Endorsement, we find that the decedents were covered under the Erie UM/UIM policy and entitled to benefits. Further, the policy states that "The Limits of Protection available under this Uninsured/Underinsured Motorists Coverage will be reduced by the amounts paid by or for those liable for bodily injury to anyone we protect." Appellant's Erie UM/UIM Endorsement, Reductions, para. 1. Accordingly, appellant's UM/UIM coverage is offset by the amounts received by the Estate of Pamela and David Miner since they were persons "protected" under the UM/UIM Endorsement. See Stickney v. State Farm Mut.Auto Ins. Co., as decided in Littrell v. Wigglesworth, 91 Ohio St.3d 425,2001-Ohio-87, 746 N.E.2d 1077.[2]
 {¶ 20} Accordingly, we find that appellant is not entitled to UM/UIM benefits. Each of the decedents and the appellant are insureds under the Erie policy for purposes of UM/UIM coverage. The Estate of the decedents, through the decedents' legal representatives, received $50,000 from the tortfeasor's liability insurance carrier. Thus, since insureds under the Erie policy received $50,000, the UM/UIM coverage under appellant's Erie policy is totally off-set.
 {¶ 21} Accordingly, appellant's sole assignment of error is overruled. The judgment of the Ashland County Court of Common Pleas is affirmed.
Edwards, J. Farmer, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] We note that the amount sought in appellant's Reply Brief differs from the amount sought by appellant in her complaint.
[2] The relevant facts in the Stickney case were as follows:
On January 20, 1996, Jennifer R. Stickney, a passenger in an automobile driven by Eric Semon, was killed as a result of injuries she sustained when Semon lost control of the vehicle. Appellant, Scott Stickney, Jennifer's father and the administrator of her estate, settled with the tortfeasor's insurer for $125,000.00. Scott's wife and their other children did not receive any share of the settlement proceeds.
At the time of the accident, Scott, his wife, Cynthia Stickney, another daughter and son were insureds under two policies of automobile liability insurance with appellee State Farm. Each policy provided UM/UIM coverage with limits of $100,000.00 per person and $300,000 per occurrence. On April 25, 1997, appellant, along with surviving family members, brought a declaratory judgment action against appellee seeking UM/UIM benefits under the State Farm policies. The trial court granted summary judgment in favor of State Farm.
In the Supreme Court, appellants argued that since the wife and other children, as statutory wrongful death beneficiaries, did not share in the settlement proceeds received from the tortfeasor's liability carrier, they were entitled to recover underinsured motorist benefits from the State Farm policies. In order to determine the amount of underinsured motorist coverage available to the wrongful death beneficiaries, theStickney Court began by determining the amount that those beneficiaries would have received had their losses resulted from the negligence of an uninsured motorist. The Court concluded that had Jennifer been killed by an uninsured motorist, the maximum amount that all wrongful death beneficiaries could have recovered in uninsured motorist benefits would have been the $100,000.00 per person limit of the State Farm policy. The amount awarded to decedent's personal representative for the benefit of the next of kin, $125,000.00, was the amount available for payment. Since this amount exceeded that which would be available under appellant's uninsured motorist coverage, the wrongful death beneficiaries were not entitled to underinsured motorist benefits from State Farm. Littrell v.Wigglesworth 91 Ohio St.3d 425, 433, 746 N.E.2d 1077, 1086 — 1087.