OPINION
{¶ 1} Defendant-appellant State Farm Mutual Automobile Insurance Company appeals from the October 28, 2004, Judgment Entry of the Stark County Court of Common Pleas granting summary judgment to plaintiff-appellee Sandra Sanford and denying the Motion for Summary Judgment filed by defendant-appellant State Farm Mutual Automobile Insurance Company.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 1, 2002, Dustin Sanford was killed in an automobile accident. At the time of the accident, appellee Sandra Sanford and her husband had custody of Dustin, who was their grandson. Dustin was residing with them at the time of his death.
 {¶ 3} As of February 1, 2002, the date of the accident, appellee Sandra Sanford and her husband were insureds under an automobile insurance policy issued by appellant State Farm Mutual Automobile Insurance Company with uninsured/underinsured [hereinafter "UM/UIM"] limits of $100,000.00 per person and $300,000.00 per accident.
 {¶ 4} In addition, at the time of the accident, the tortfeasor was insured under an automobile insurance policy with Nationwide Insurance Company with liability limits of $300,000.00 per person and $300,000.00 per occurrence. The Estate of Dustin Sanford reached a settlement with Nationwide in the amount of $100,000.00.[1] Appellee Sandra Sanford and her husband divided the wrongful death proceeds equally, so each received $50,000.00.
 {¶ 5} Subsequently, appellee and her husband sought UIM benefits under their State Farm automobile insurance policy. After appellant State Farm denied coverage, appellee, both individually and as Administrator of the Estate of Dustin Sanford, and her husband, filed a complaint for declaratory judgment against appellant State Farm on February 2, 2004, alleging that they were entitled to recover UIM benefits under their State Farm policy.
 {¶ 6} On August 30, 2004, appellee's husband voluntarily dismissed his claims against State Farm without prejudice pursuant to Civ.R. 41(A)(1).
 {¶ 7} Both parties filed Motions for Summary Judgment. While appellee, in her motion, asserted that she was entitled to UM/UIM coverage in the amount of $50,000.00, or the difference between her State Farm automobile policy limits of $100,000.00 and the $50,000.00 that she personally had received from Nationwide Insurance, appellant State Farm argued that it was entitled to set-off the $100,000.00 that appellant and her husband, the wrongful death beneficiaries, received from Nationwide against the $100,000.00 limits under the State Farm policy. Pursuant to a Judgment Entry filed on October 28, 2004, the trial court granted appellee's Motion for Summary Judgment while denying that filed by appellant State Farm. The trial court, in its entry, stated, in relevant part, as follows:
 {¶ 8} "As stated above, Plaintiff claims that she is entitled to UM/UIM coverage in the amount of $50,000.00. State Farm argues that it is entitled to setoff the amount available for payment to Plaintiff as a wrongful death beneficiary.
 {¶ 9} "The Court finds that Plaintiff's claim is confined to the single, per-person limit.
 {¶ 10} "The Court next finds the arguments of Plaintiff to be well taken based on the holdings of Kotlarczyk v. State Farm Mutual AutomobileIns. Co., 6th Dist. No. L-03-1103, 2004-Ohio-3447, Littrell v.Wigglesworth (2001), 91 Ohio St.3d 425, 746 N.E.2d 1077, and Wallace v.Balint (2002), 94 Ohio St.3d 182, 761 N.E.2d 598. The Court finds that if Dustin had been killed by an uninsured motorist, Plaintiff could have collected up to the $100,000 per-person limit in the uninsured motorist coverage available under the State Farm policy. Plaintiff received $50,000 from Dustin's estate settlement with the tortfeasor's liability carrier. The tortfeasor was underinsured as to Plaintiff and Plaintiff is entitled to underinsured motorist coverage from State Farm in the amount of $50,000."
 {¶ 11} Appellant State Farm now raises the following assignment of error on appeal:
 {¶ 12} "THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND IN DENYING THE APPELLANT'S MOTION FOR SUMMARY JUDGMENT, TO APPELLANT'S PREJUDICE."
 {¶ 13} This matter reaches us upon a grant of summary judgment. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36,506 N.E.2d 212. As such, we must refer to Civ.R. 56(C) which provides the following, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 14} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. "[B]are allegations by the moving party are simply not enough." Vahila v. Hall,77 Ohio St.3d 421, 429, 1997-Ohio-259, 674 N.E.2d 1164. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Id. (citing Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264).
 {¶ 15} Further, trial courts should award summary judgment with caution. "Doubts must be resolved in favor of the non-moving party."Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 359, 1992-Ohio-95,604 N.E.2d 138.
 {¶ 16} It is pursuant to this standard that we review appellant's assignment of error.
 I {¶ 17} Appellant State Farm, in its sole assignment of error, argues that the trial court erred in granting summary judgment to appellee Sandra Sanford while denying appellant's own motion for summary judgment. Appellant specifically contends that the $100,000.00 single limit of UIM coverage under its policy is reduced by the $100,000.00 that appellant and her husband, the wrongful death beneficiaries, received from the tortfeasor's liability insurer. We agree.
 {¶ 18} As an initial matter, we note that the parties do not dispute that appellee's claim, which arises out of the death of a single person (Dustin Sanford), is restricted to the single "each person" limit of UIM coverage under the State Farm policy. As is stated above, the single limit under the State Farm policy is $100,000.00.
 {¶ 19} What is in dispute, however, is whether the $100,000.00 single limit is reduced by the total of $100,000.00 received by appellee and her husband, as wrongful death beneficiaries from Nationwide Insurance. As is stated above, both appellant and her husband each received $50,000.00 from Nationwide Insurance, for a total of $100,000.00. Appellee contends that because she personally received only $50,000.00, she is entitled to recover an additional $50,000.00 under her State Farm policy. In turn, appellant argues that it has a right to set-off the full $100,000.00 recovered by appellant and her husband, the wrongful beneficiaries, from Nationwide Insurance against the State Farm $100,000.00 UM/UIM limits and that, therefore, appellant is not entitled to UIM coverage under her State Farm policy. Appellant notes that its policy contains the following language:
 {¶ 20} "Subject to the above, the most we pay for all damages arising out of and due to bodily injury to one person is the lesser of:
 {¶ 21} "1. The difference between the `each person' limits of liability of this coverage, and the amounts paid for that bodily injury by or for any persons or organizations who are or who may be held liable for the bodily injury; or . . ."
 {¶ 22} R.C. 3937.18(C) states, in relevant part, as follows: ". . . the policy limits of the underinsured motorist coverage shall be reduced by those amount available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured . . ."
 {¶ 23} In Littrell v. Wigglesworth, 91 Ohio St.3d 425, 2001-Ohio-87,746 N.E.2d 1077, the Ohio Supreme Court considered consolidated appeals, one of which was captioned Stickney v. State Farm Mut. Auto. Ins. Co.,91 Ohio St.3d at 433. The relevant facts in the Stickney case were as follows.
 {¶ 24} On January 20, 1996, Jennifer R. Stickney, a passenger in an automobile driven by Eric Semon, was killed as a result of injuries she sustained when Semon lost control of the vehicle. Appellant, Scott Stickney, Jennifer's father and the administrator of her estate, settled with the tortfeasor's insurer for $125,000.00. Scott's wife and their other children did not receive any share of the settlement proceeds.
 {¶ 25} At the time of the accident, Scott, his wife, Cynthia Stickney, another daughter and son were insureds under two policies of automobile liability insurance with appellee State Farm. Each policy provided UM/UIM coverage with limits of $100,000.00 per person and $300,000 per occurrence. On April 25, 1997, appellant, along with surviving family members, brought a declaratory judgment action against appellee seeking UM/UIM benefits under the State Farm policies. The trial court granted summary judgment in favor of State Farm.
 {¶ 26} In the Supreme Court, appellants argued that since the wife and other children, as statutory wrongful death beneficiaries, did not share in the settlement proceeds received from the tortfeasor's liability carrier, they were entitled to recover underinsured motorist benefits from the State Farm policies. In order to determine the amount of underinsured motorist coverage available to the wrongful death beneficiaries, the Stickney court began by determining the amount that those beneficiaries would have received had their losses resulted from the negligence of an uninsured motorist. The Court concluded that had Jennifer been killed by an uninsured motorist, the maximum amount that all wrongful death beneficiaries could have recovered in uninsured motorist benefits would have been the $100,000.00 per person limit of the State Farm policy. The amount awarded to decedent's personal representative for the benefit of the next of kin, $125,000.00, was the amount available for payment. Since this amount exceeded that which would be available under appellant's uninsured motorist coverage, the wrongful death beneficiaries were not entitled to underinsured motorist benefits from State Farm. Littrell v. Wigglesworth 91 Ohio St.3d 425, 433,746 N.E.2d 1077, 1086 — 1087.
 {¶ 27} Applying the Stickney/Littrell case, this Court, in Harvey v.Western Reserve Mut. Cas. Co., Ashland App. No. 04-COA-045, 2005-Ohio-1721, recently held that the appellant was not entitled to UM/UIM benefits. InHarvey, Pamela Miner and her husband, David Miner, were killed in an automobile accident. The appellant, Pamela's daughter, was living with her at the time of the accident. Pamela was survived by two other adult children.
 {¶ 28} In Harvey, the various wrongful death claims resulting from the accident were settled for the tortfeasor's automobile liability policy limits of $50,000 per person and $100,000 per accident. The Estate of Pamela J. Miner received $25,000 from the $100,000 settlement. The Estate of David L. Miner also received $25,000 from the $100,000. Appellant received money from the Estate but less than $25,000.
 {¶ 29} At the time of the accident, the appellant had a separate policy with Erie Insurance Company on her own vehicle that provided for underinsured motorist coverage with limits of $25,000.00 per person and $50,000.00 per accident. Appellant notified Erie of an underinsured claim. However, Erie denied appellant any underinsured motorist benefits claiming, setoff of the amount paid by the tortfeasor's policy to the Estate of Pamela Miner.
 {¶ 30} Thereafter, the appellant filed a suit against Erie seeking $18,949.93, or the difference between her policy limit of $25,000 and the amount the appellant claimed that she had received from the Estate of Pamela Miner, $6,050.07, plus interest and costs. Subsequently, Erie filed a Motion for Summary Judgment, arguing that the $50,000 paid by the tortfeasor's liability insurance carrier to each of the Estates of Pamela and David Miner, who were insureds under the terms of the policy, completely setoff the $25,000 UM/UIM coverage available under the Erie policy. The trial court granted Summary Judgment in favor of Erie, finding that the appellant was not entitled to receive any payments due to the setoff, as required under the Littrell and Stickney cases.
 {¶ 31} On appeal, this Court affirmed stating, in relevant part, as follows: "Each of the decedents and the appellant are insureds under the Erie policy for purposes of UM/UIM coverage. The Estate of the decedents, through the decedents' legal representatives, received $50,000 from the tortfeasor's liability insurance. Thus, since insureds under the Erie policy received $50,000, the UM/UIM coverage under appellant's Erie policy is totally off-set." Id. at paragraph 20.
 {¶ 32} Based on the foregoing, we find that the $100,000.00 UM/UIM policy limit under the State Farm policy is set-off by the $100,000.00 received by appellant and her husband from Nationwide. Appellee, therefore, was not entitled to UIM coverage under her State Farm Policy. Thus, the trial court, erred in granting summary judgment to appellee and in denying appellant's motion for summary judgment.
 {¶ 33} Appellant's sole assignment of error, is therefore, sustained.
 {¶ 34} Accordingly, the judgment of the Stark County Court of Common Pleas is reversed and this matter is remanded to the trial court for proceedings consistent with this opinion.
Edwards, J., Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed and remanded for further proceedings consistent with this Opinion. Costs assessed to appellee.
[1] Because a total of three individuals were killed in the accident, $100,000.00 was the most that each of the three estates of such individuals could receive under the Nationwide policy.