WEBB, ADMR., ET AL., APPELLEES, *v.* MCCARTY ET AL.; NATIONWIDE
MUTUAL INSURANCE COMPANY, APPELLANT.

[Cite as *Webb v. McCarty,* 114 Ohio St.3d 292, 2007-Ohio-4162.]

(No. 2006–0616—Submitted February 14, 2007—Decided August 29, 2007.)

PFEIFER, J.

{¶ 1} Appellant Ronald McCarty caused an automobile accident that resulted in the death of Deborah Webb. Appellee William Webb, Deborah's husband, was injured in the accident. McCarty had an automobile liability policy that provided coverage subject to a $300,000-per-accident limit.

{¶ 2} Webb settled his individual claims with McCarty for $25,000. The estate of Deborah Webb settled its claims for $269,836.08. The issue before us is whether Webb, his children, or others have a claim to underinsured-motorists ("UM") coverage under Webb's insurance policy, which had a $100,000-per-person limit and a $300,000-per-accident limit. We conclude that Webb's UM policy provides coverage for the difference between the $300,000-per-accident limit and the $269,836.08 that was paid to the estate. Although we are unable to determine from the briefs or oral argument how they reach the number, the parties appear to agree that the amount paid under the policy is $269,836.08.

{¶ 3} Appellant argues that because Webb's UM policy was for the same amount as McCarty's liability policy, there is no UM coverage. We have rejected this argument, that a limits-to-limits comparison controls, in situations involving multiple claimants. *Littrell v. Wigglesworth* (2001), 91 Ohio St.3d 425, 432, 746 N.E.2d 1077; *Clark v. Scarpelli* (2001), 91 Ohio St.3d 271, 744 N.E.2d 719. Today we reject it again, summarily, on the authority of *Littrell.*

{¶ 4} In *Littrell,* we stated that "[f]or the purpose of setoff, the 'amounts available for payment' language in R.C. 3937.18(A)(2) means the amounts actually accessible to and recoverable by an underinsured motorist claimant from all bodily injury liability bonds and insurance policies (including from the tortfeasor's liability carrier). *Clark v. Scarpelli* (2001), 91 Ohio St.3d 271, 744 N.E.2d 719, followed and applied." *Littrell,* 91 Ohio St.3d 425, 746 N.E.2d 1077, syllabus. The opinion made it clear that, in a case involving multiple claimants, UM

coverage would be compared to the amount paid under an automobile liability policy, not to the limit of the automobile liability policy. Id. at 428–435, 746 N.E.2d 1077.

{¶ 5} In this case, $269,836.08 was paid under McCarty's automobile liability policy. This amount is the "amount[ ] available for payment." Former R.C. 3937.18(A)(2), 148 Ohio Laws, Part V, 11380, 11381. See *Littrell*, 91 Ohio St.3d 425, 746 N.E.2d 1077, syllabus. Accordingly, Webb and other claimants under his policy are underinsured to the extent that his UM policy's per-accident limit, $300,000, exceeds the amount available for payment. Webb and other claimants are, of course, subject to the policy's per-person limit of $100,000.

{¶ 6} We affirm the judgment of the court of appeals and remand the cause to the trial court.

Judgment affirmed
and cause remanded.

MOYER, C.J., and O'CONNOR, J., concur.

LUNDBERG STRATTON, LANZINGER and CUPP, JJ., concur in judgment only.

O'DONNELL, J., dissents.

---

**LUNDBERG STRATTON, J., concurring in judgment only.**

{¶ 7} Because of the doctrine of stare decisis, I must concur with the majority. However, I write separately to voice my concern that both *Littrell v. Wigglesworth* (2001), 91 Ohio St.3d 425, 746 N.E.2d 1077, and *Clark v. Scarpelli* (2001), 91 Ohio St.3d 271, 744 N.E.2d 719, were wrongly decided and misapplied R.C. 3937.18(A)(2). In those cases, I joined Justice Cook's well-reasoned dissenting opinions that opposed the majority's construing of the unambiguous phrase "available for payment" to reach an outcome contrary to the clear statutory language.

{¶ 8} I continue to believe that "[t]he plain language of the statute mandates a limits-to-limits comparison as opposed to a comparison of the amounts actually recovered to the underinsured motorist policy limits." *Littrell v. Wigglesworth*, 91 Ohio St.3d at 436, 746 N.E.2d 1077 (Cook, J., dissenting). This is supported by the General Assembly's amendment of R.C. 3937.18 in 1994, 145 Ohio Laws, Part I, 204, expressly superseding, id. at section 7, *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, in which a majority of this court "implicitly construed 'the limits of coverage available for payment' to mean 'the amounts which the tortfeasor's insurer has already paid.' " *Clark*, 91 Ohio St.3d at 286, 744 N.E.2d 719 (Cook, J., dissenting), quoting *Savoie*, 67 Ohio St.3d at 508, 620 N.E.2d 809. As Justice Cook also stated, this position is contrary to the

public policy behind R.C. 3937.18 that uninsured- and underinsured-motorist coverage is not intended as excess insurance. Id. at 288, 744 N.E.2d 719.

{¶ 9} The General Assembly has amended R.C. 3937.18 on several occasions since *Savoie* in 1993 and once since *Clark* and *Littrell* in 2001, but it has not changed the phrase "available for payment" and has not expressly overruled *Clark* or *Littrell.* Although Nationwide urged us to overrule *Clark* and *Littrell,* Nationwide has not shown that the test set forth in *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, for abandoning precedent has been met. Consequently, I am bound by the doctrine of stare decisis. Any further change must come from the General Assembly. For these reasons, I concur in judgment only.

---

**LANZINGER, J., concurring in judgment only.**

{¶ 10} Because the parties did not conduct the appropriate analysis pursuant to *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, to overrule *Littrell v. Wigglesworth* (2001), 91 Ohio St.3d 425, 746 N.E.2d 1077, and *Clark v. Scarpelli* (2001), 91 Ohio St.3d 271, 744 N.E.2d 719, I concur in judgment only.

CUPP, J., concurs in the foregoing opinion.

---

**O'DONNELL, J., dissenting.**

{¶ 11} Respectfully, I dissent.

{¶ 12} The plain language of former R.C. 3937.18(A)(2) specifies when underinsured-motorist coverage arises: "where the *limits* of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the *limits* for the insured's uninsured motorist coverage." (Emphasis added.) Thus, pursuant to this language, it appears that when the tortfeasor's liability coverage limits are less than the plaintiff's uninsured-motorist coverage limits, the plaintiff is entitled to underinsured-motorist coverage in accordance with the policy. However, the Ohio Supreme Court has rejected this interpretation in *Littrell v. Wigglesworth* (2001), 91 Ohio St.3d 425, 746 N.E.2d 1077, and *Clark v. Scarpelli* (2001), 91 Ohio St.3d 271, 744 N.E.2d 719. Instead, in those decisions, the court held that the phrase "available for payment," as used in R.C. 3937.18(A)(2), does not refer to the tortfeasor's policy limits but rather refers to the amounts actually recovered from the tortfeasor. Thus, pursuant to *Littrell* and *Clark,* a plaintiff is entitled to underinsured-motorist benefits when the amount the plaintiff actually recovers

from the tortfeasor is less than the limits of the plaintiff's uninsured-motorist coverage.

{¶ 13} I can find no language in this statute that refers to "the amounts actually recovered." My analysis of this statute is, therefore, that it has been wrongly interpreted and applied; that these cases have produced a body of case authority at odds with legislative intent, thereby defying practical workability; and that abandoning our *Littrell/Clark* precedent would not create an undue hardship for those who have relied upon it.

{¶ 14} Accordingly, I would apply *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, overrule *Littrell* and *Clark*, give meaning to the plain language of this statute, reverse the judgment of the court of appeals, and adopt the well-reasoned dissent authored by Justice Cook in *Littrell*.

---

Maguire & Schneider, L.L.P., Wayne E. Hassay, and Sharlene I. Chance, for appellees.

John C. Cahill, for appellant.