OPINION
{¶ 1} Plaintiffs-Appellants, Estate of Elladean Jackson, Donald Jackson as Executor, Donald Jackson, and Tonya McDonald appeal the decision of the Stark County Court of Common Pleas to grant the motion of summary judgment filed by the Appellee, State Farm Mutual Automobile Insurance Corporation. The underlying facts are as follows.
 {¶ 2} On July 10, 2005, Jeffrey D. Patterson negligently operated his motor vehicle causing the death of Elladean Jackson, and causing bodily injury to her daughter, Tonya McDonald. Three adult children survived Elladean Jackson: Tonya McDonald, Kevin Jackson and Donald Jackson. Donald Jackson was appointed executor of Elladean Jackson's estate.
 {¶ 3} Jeffrey Patterson had a policy of automobile liability insurance with Progressive Specialty Insurance Company in the amount of $100,000 per person and $300,000 per accident. Progressive paid its $100,000 liability limits to the Estate of Elladean Jackson, which sum was distributed equally among Elladean Jackson's three children in the amount of $33,000 each.
 {¶ 4} At the time of the accident, Elladean Jackson, Tonya McDonald and Donald Jackson carried automobile liability policies of underinsured motorists coverage issued by State Farm. State Farm's policy issued to Elladean Jackson provided UM/UIM coverage of $100,000 per person and $300,000 per accident. Tonya McDonald's policy provided UM/UIM coverage in the amount of $50,000 per person and $100,000 per accident. Donald Jackson's policy had limits of $100,000 per person and $300,000 per accident. *Page 3 
 {¶ 5} Appellants made claims for UM/UIM coverage under their respective automobile liability policies. State Farm denied coverage and Appellants filed a complaint with the Stark County Court of Common Pleas for breach of contract and bad faith.
 {¶ 6} State Farm filed a motion to bifurcate the breach of contract claims from the bad faith claims. The trial court granted the motion of November 22, 2006.
 {¶ 7} On May 10, 2007, State Farm filed a motion for summary judgment on the breach of contract claims. It argued there was no UM/UIM coverage under the set-off and anti-stacking provisions of R.C. 3937.18, and that with regard to Donald Jackson, the "who is an insured" provision in his policy prevented coverage.
 {¶ 8} The trial court granted State Farm's motion for summary judgment and Appellants now appeal.
 {¶ 9} Appellants raise one Assignment of Error:
 {¶ 10} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING STATE FARM SUMMARY JUDGMENT BASED UPON THE SET-OFF AND ANTI-STACKING PROVISIONS IN R.C. 3937.18."
 I. {¶ 11} Appellants argue the trial court erred in granting summary judgment to State Farm. We disagree in part.
 {¶ 12} Summary judgment motions are to be resolved in light of the dictates of Civ. R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211: *Page 4 
 {¶ 13} "Civ. R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 14} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 15} We will analyze separately whether Elladean Jackson, Tonya McDonald and Donald Jackson are entitled to UM/UIM coverage under their respective automobile liability policies. State Farm concedes that Elladean Jackson and Tonya McDonald have claims for their injuries under their respective policies. State Farm argues, however, Donald Jackson is not entitled to UM/UIM coverage because he is not an "insured" under the terms of his policy.
 {¶ 16} Appellants argue the trial court erred in granting State Farm summary judgment based upon the holding of Sanford v. State Farm MutualAutomobile Insurance Company, 5th Dist. No. 2004CA00342,2005-Ohio-3349. Appellants argue the trial court should have analyzed the matter under Littrell v. Wigglesworth, *Page 5 91 Ohio St.3d 271, 2001-Ohio-39, 744 N.E.2d 719, which held that in cases involving multiple claimants, UM/UIM coverage should be compared to the amount paid under an automobile liability policy, not to the limit of the automobile liability policy. Id. at 428-435. In the recent case ofWebb v. McCarty, 114 Ohio St.3d 292, 2007-Ohio-4162, 871 N.E.2d 1164, the Court affirmed the holding of Littrell and stated, "[w]e have rejected this argument, that a limits-to-limits comparison controls, in situations involving multiple claimants. Today, we reject it again, summarily, on the authority of Littrell. * * * The [Littrell] opinion made it clear that, in cases involving multiple claimants, UM coverage would be compared to the amount paid under an automobile liability policy, not to the limit of the automobile liability policy." Id. at ¶¶ 2, 4; Kuchmar v. Nationwide Mut. Ins. Co., 1st Dist. No. C-060866, 2007-Ohio-6336, ¶ 17, 19.
 {¶ 17} As stated above, the trial court relied upon our decision inSandford in granting summary judgment in favor of State Farm. InSandford, the grandson of Sandra Sandford was killed in an automobile accident. The tortfeasor was insured under an automobile liability policy with limits of $300,000 per person and $300,000 per occurrence. On the date of the accident, Sandford and her husband were the named insureds under a single automobile liability policy issued by State Farm. The limits of the UM/UIM coverage were $100,000 per person and $300,000 per accident. The estate reached a settlement with the tortfeasor in the amount of $100,000. Sandra Sandford and her husband equally divided the wrongful death proceeds, with each receiving $50,000.
 {¶ 18} Sandra Sandford then sought UM/UIM benefits under her State Farm policy. State Farm argued that it was entitled to set-off the $100,000 that Sandra *Page 6 
Sandford and her husband received from the tortfeasor. We found that because Sandra Sandford and her husband were insureds under the State Farm policy for purposes of UM/UIM coverage, the $100,000 the insureds received from the tortfeasor was off-set by the $100,000 UM/UIM policy limit of the State Farm policy. Id. at ¶ 31-32.
 {¶ 19} We find Sandford is applicable when multiple insureds are claiming UM/UIM benefits under the same automobile liability policy. As to the availability of UM/UIM coverage under the policy issued to Elladean Jackson, we find the holding of Sandford to be consistent withLittrell and Webb. The amount available for payment to the Estate of Elladean Jackson was $100,000. Elladean Jackson's policy had a $100,000 per person limit for UM/UIM coverage. Because the estate received $100,000 from the tortfeasor, the UM/UIM coverage under Elladean Jackson's policy is totally offset.
 {¶ 20} Tonya McDonald, however, has a separate policy of automobile liability insurance issued by State Farm. The Ohio Supreme Court has made a distinction in situations where there are both multiple claimantsand multiple policies. See, Littrell, supra; Kuchmar, supra; Boehm v.Butcher, 144 Ohio Misc. 2d 90, 2007-Ohio-6576. Under her factual scenario, we find the holding in Littrell v. Wigglesworth,91 Ohio St.3d 271, 2001-Ohio-39, 744 N.E.2d 719, to be applicable to the UM/UIM coverage available to Tonya McDonald under her respective automobile liability policy.
 {¶ 21} In Littrell, the Ohio Supreme Court considered consolidated appeals, one of which was captioned Karr v. Borchardt,91 Ohio St.3d at 433. In Karr, the tortfeasor was insured under a liability policy with limits of $100,000 per person and $300,000 per occurrence. The parties settled their claims against the tortfeasor, and $100,000 was *Page 7 
paid into the decedent's estate. This sum was divided equally between the five wrongful death beneficiaries, and each beneficiary subsequently filed a claim against his or her own individual insurance policies. The Ohio Supreme Court found that the insurance carriers were permitted to set off only the amounts that the beneficiaries actually received and not the full $100,000. Littrell, supra. The Court noted that "it would appear that, in most cases, the application of the R.C. 3937.18(A)(2) `amounts available for payment' language arises when both multiple parties and multiple policies are involved." Id. at fn. 6.
 {¶ 22} Under this analysis, we find Tonya McDonald is entitled to UM/UIM coverage under her policy. She had UM/UIM coverage in the amount of $50,000 per person and $100,000 per accident. Tonya McDonald could have collected up to $50,000 per person limit if the accident had been the fault of an uninsured motorist. The amount available for payment to Tonya McDonald is $33,000 from the tortfeasor's liability carrier. As a result, the tortfeasor was underinsured as to Tonya McDonald, and Tonya McDonald has UM/UIM coverage up to the per person limit of her State Farm policy after setting off the amount recovered from the tortfeasor.
 {¶ 23} Finally, it must be determined whether Donald Jackson is entitled to UM/UIM coverage under his State Farm policy. Based upon the terms of his policy, we find that he is not because he does not qualify as an "insured."
 {¶ 24} The statutory law in effect on the date that an automobile insurance policy is entered into is the law to be applied. Ross v.Farmers Insurance Group of Companies (1998), 82 Ohio St.3d 281;Wolfe v. Wolfe, 88 Ohio St.3d 246, 2000-Ohio- *Page 8 
322. R.C. 3937.18, as amended by S.B. No. 97, effective October 31, 2001, is the applicable law.
 {¶ 25} The policy issued to Donald Jackson states:
 {¶ 26} "UNINSURED MOTOR VEHICLE — COVERAGE U
 {¶ 27} "* * *
 {¶ 28} "We will pay damages for bodily injury an insured:
 {¶ 29} "1. is legally entitled to collect from the owner or driver of an uninsured motor vehicle; or
 {¶ 30} "* * *
 {¶ 31} "The bodily injury must be sustained by an insured and caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle."
 {¶ 32} State Farm argues that because Donald Jackson did not suffer a bodily injury, he does not qualify for UM/UIM coverage under his State Farm policy. Under R.C. 3937.18(I), parties are permitted to include specific preclusions in uninsured/underinsured motorist coverage. Subsection (1) states the following:
 {¶ 33} "(I) Any policy of insurance that includes uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under specified circumstances, including but not limited to any of the following circumstances:
 {¶ 34} "(5) When the person actually suffering the bodily injury, sickness, disease, or death is not an insured under the policy." *Page 9 
 {¶ 35} Pursuant to the terms of the policy, we find Elladean Jackson cannot qualify as an insured under Donald Jackson's policy. The policy defines "Who Is an Insured" as:
 {¶ 36} "Insured — means the person or persons covered by uninsured motor vehicle coverage.
 {¶ 37} "This is:
 {¶ 38} "1. the first person named in the declarations;
 {¶ 39} "2. his or her spouse;
 {¶ 40} "3. their relatives; and
 {¶ 41} "4. any other person while occupying:
 {¶ 42} "a. your car, * * *
 {¶ 43} "b. a car not owned or lease to you, * * *
 {¶ 44} "5. any person entitled to recover damages because ofbodily injury to an insured under 1 through 4 above."
 {¶ 45} The policy defines "relative" as, "* * * a person related toyou or your spouse by blood, marriage or adoption who resides primarily with you. * * *"
 {¶ 46} The parties agree that Elladean Jackson did not reside with Donald Jackson. As such, Donald Jackson is not entitled to UM/UIM coverage under the terms of his policy because he does not qualify as an "insured."
 {¶ 47} Appellants' Assignment of Error is overruled in part and sustained in part. *Page 10 
 {¶ 48} Accordingly, the decision of the Stark County Common Pleas is affirmed in part and reversed and remanded in part for further proceedings consistent with this decision and judgment entry.
 Delaney, J. Farmer, P.J. and Edwards, J. concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed in part and reversed and remanded in part for further proceedings consistent with this decision and judgment entry. Costs split between Appellants and Appellee. *Page 1