OPINION *Page 2 
{¶ 1} Plaintiffs-appellants Lois Doreen Long, Administrator of the Estate of Amanda Thompson, et al., appeal from the November 20, 2007, Entry of the Fairfield County Court of Common Pleas granting the Motion for Summary Judgment filed by defendant-appellee Erie Insurance Company and denying their Motion for Partial Summary Judgment.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 29, 2003, Amanda Thompson (hereinafter "the decedent") was a passenger in a motor vehicle that was operated by Kylie Paradise. After Paradise failed to yield the right-of-way, the decedent was killed in an automobile accident. The decedent was the biological daughter of appellant Lois Doreen Long and was residing with appellant Long and her husband, Donald Long, at the time of her death.
 {¶ 3} At the time of the accident, the decedent held a policy of insurance with appellee Erie Insurance Company with a $250,000.00 policy limit. Appellee Erie Insurance Company paid the $250,000.00 limits to the decedent's estate and the proceeds were distributed among seven individuals. Of the $250,000.00, appellant Long received $132,043.92 and appellant David Burgman, appellant Long's minor son and the decedent's half brother, received $6,000.00.
 {¶ 4} Subsequently, appellants filed a wrongful death complaint against Kylie Paradise, Terry Gates, who was the owner of the motor vehicle driven by Paradise, and appellee Erie Insurance Company. Appellants sought uninsured/underinsured coverage under a policy that appellee Erie Insurance Company had issued to Donald Long, the *Page 3 
resident spouse of appellant Lois Doreen Long. Such policy contained uninsured/underinsured motorist coverage in the amount of $250,000.00 per person.
 {¶ 5} On December 16, 2005, appellee filed a Motion for Summary Judgment, arguing that appellants could not "collect another $250,000.00 policy limit for her daughter's death from a different Erie policy, one that she owned on her own." On December 16, 2005, appellants filed a Motion for Partial Summary Judgment, arguing that they were entitled to uninsured/underinsured motorist coverage under the policy that appellee Erie Insurance Company had issued to Donald Long, the resident spouse of appellant Lois Doreen Long.
 {¶ 6} Pursuant to an Entry filed on March 16, 2007, the trial court granted appellee's Motion for Summary Judgment while denying the motion filed by appellants. Appellants then appealed. Pursuant to an Opinion filed on October 22, 2007, in Lois Doreen Long, Administrator of theEstate of Amanda Thompson, et al., v. Erie Insurance Company, Fairfield App. No. 2007CA00019, 2007-Ohio-6100, this Court dismissed appellants' appeal, stating, in relevant part, as follows: "We will not address the merits of Appellants' argument because we find this Court does not have jurisdiction to do so. No final appealable order exists under R.C. 2505.02 because the claim against Defendant Paradise remains pending. The trial court did not include a finding there is no just cause for delay in its Entry." Id at paragraph 5.[1]
 {¶ 7} As memorialized in an Entry filed on November 20, 2007, the trial court reiterated its decision granting summary judgment to appellee and denying the Motion *Page 4 
for Summary Judgment filed by appellants. The trial court, in its Entry, included a finding that "there is no just cause for delay."
 {¶ 8} Appellants now raise the following assignment of error on appeal:
 {¶ 9} "THE TRIAL COURT ERRED BY GRANTING ERIE'S MOTION FOR SUMMARY JUDGMENT AND DENYING APPELLANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT."
 {¶ 10} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. Therefore, we must refer to Civ. R. 56(C), which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 11} Pursuant to the above rule, a trial court may not enter summary judgment if it appears that a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine *Page 5 
issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall,77 Ohio St.3d 421, 429, 1997-Ohio-259, 674 N.E.2d 1164, citing Dresher v. Burt (1996),75 Ohio St.3d 280, 293, 662 N.E.2d 264.
 {¶ 12} It is based upon this standard that we review appellants' assignment of error.
 I {¶ 13} Appellants, in their sole assignment of error, argue that the trial court erred in granting appellee's Motion for Summary Judgment and in denying their Motion for Partial Summary Judgment. We disagree.
 {¶ 14} As an initial matter, we note that appellee does not dispute that appellants are covered under the Erie policy issued to Donald Long, the resident spouse of appellant Louis Doreen Long. Rather, appellee contends that appellants are not entitled to underinsured motorist coverage under such policy because it has already paid $250,000.00 under the decedent's policy for the wrongful death of Amanda Thompson.
 {¶ 15} In the case sub judice, Erie's policy contains the following language in the UM/UIM endorsement under the heading "Limitations Payment":
 {¶ 16} "No one will be entitled to receive duplicate payments for the same elements of loss. All claims resulting from or arising out of any one person's bodily injury shall collectively be subject to the limit of the policy applicable to bodily injury *Page 6 
sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. This limit shall apply regardless of the number of persons we protect, autos we insured, claims made. . ."
 {¶ 17} At the time subject policy was executed, R.C. 3937.18(A)(2) stated as follows:
 {¶ 18} "Any policy of insurance that includes uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages and that provides a limit of coverage for payment of damages for bodily injury, including death, sustained by any one person in any one auto accident may . . . include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy of applicable bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident. (Eff.10/31/2001)."
 {¶ 19} In Littrell v. Wigglesworth, 91 Ohio St.3d 425, 2001-Ohio-87,746 N.E.2d 1077, the Ohio Supreme Court considered consolidated appeals, one of which was captioned Stickney v. State Farm Mut. Auto. Ins.Co., 91 Ohio St.3d 425, 746 N.E.2d 1077. The relevant facts in theStickney case were as follows.
 {¶ 20} On January 20, 1996, Jennifer R. Stickney, a passenger in an automobile driven by Eric Semon, was killed as a result of injuries she sustained when Semon lost control of the vehicle. Appellant, Scott Stickney, Jennifer's father and the administrator *Page 7 
of her estate, settled with the tortfeasor's insurer for $125,000.00. Scott's wife and their other children did not receive any share of the settlement proceeds.
 {¶ 21} At the time of the accident, Scott, his wife, Cynthia Stickney, another daughter and son were insured under two policies of automobile liability insurance with appellee State Farm. Each policy provided UM/UIM coverage with limits of $100,000.00 per person and $300,000 per occurrence. On April 25, 1997, appellant, along with surviving family members, brought a declaratory judgment action against appellee seeking UM/UIM benefits under the State Farm policies. The trial court granted summary judgment in favor of State Farm.
 {¶ 22} In the Supreme Court, the appellants argued that since the wife and other children, as statutory wrongful death beneficiaries, did not share in the settlement proceeds received from the tortfeasor's liability carrier, they were entitled to recover underinsured motorist benefits from the State Farm policies. In order to determine the amount of underinsured motorist coverage available to the wrongful death beneficiaries, the Stickney court began by determining the amount that those beneficiaries would have received had their losses resulted from the negligence of an uninsured motorist. The Court concluded that had Jennifer been killed by an uninsured motorist, the maximum amount that all wrongful death beneficiaries could have recovered in uninsured motorist benefits would have been the $100,000.00 per person limit of the State Farm policy. The amount awarded to decedent's personal representative for the benefit of the next of kin, $125,000.00, was the amount available for payment. Since this amount exceeded that which would be available under the appellant's uninsured motorist coverage, the wrongful death beneficiaries were not entitled to underinsured *Page 8 
motorist benefits from State Farm. Littrell v. Wigglesworth,91 Ohio St.3d 425, 433, 746 N.E.2d 1077, 1086-1087.
 {¶ 23} We find the recent Ohio Supreme Court case of Webb v.McCarty, 114 Ohio St.3d 292, 2007-Ohio-4162, 871 N.E. 2d 1164, to be instructive. In such case, Webb was injured and his wife was killed in an accident caused by McCarty. McCarty carried liability insurance in the amount of $300,000 per occurrence. The liability carrier settled the personal-injury claim with Webb for $25,000 and settled its claim with the estate for $269,836.
 {¶ 24} Webb and his children then sought underinsured motorists ("UM") coverage under Webb's insurance policy, which had a $100,000-per-person limit and a $300,000-per-accident limit. The court concluded that "the amount available for payment," pursuant to Littrell, supra, was the $269,836 actually paid to the Estate. The Ohio Supreme Court, inWebb, concluded that "Webb and other claimants under his policy are underinsured to the extent that his UM policy's per-accident limit, $300,000, exceeds the amount available for payment." Thus, the court inWebb concluded that the amount set off for purposes of underinsured-motorist coverage, even when all claimants are insured under the same policy, is the amount actually paid by the liability carrier.
 {¶ 25} As noted by the court in Brown v. Nationwide Mutual Fire Ins.Co., 174 Ohio App.3d 694, 2008-Ohio-174, 884 N.E.2d 617, "the Supreme Court [in Webb] did not consider the individual wrongful-death beneficiaries' claims, nor did it discuss the division of the settlement proceeds among the wrongful-death claimants. Rather, the Supreme Court compared the total amount paid under the tortfeasor's policy with the per-accident limit of the UIM coverage. Accordingly, the Supreme Court determined that *Page 9 
"Webb and other claimants under his policy are underinsured to the extent that his UM policy's per-accident limit, $300,000, exceeds the amount available for payment," subject to the policy's per-person limit of $100,000. Id., 114 Ohio St.3d 292, 2007-Ohio-4162, 871 N.E.2d 1164, at ¶ 5." Id at paragraph 29.
 {¶ 26} In the case sub judice, appellee paid the $250,000.00 policy limits of the decedent's policy to the Estate. The insurance policy that was issued to Donald Long contains uninsured/underinsured motorist coverage in the amount of $250,000.00 per person. As noted by appellee, "recovery was already made under the decedent's policy . . . in the same amount of limit of coverage ($250,000) as is being sought from the second Erie policy." We find, therefore, that appellants were not entitled to underinsured motorist coverage under the Erie policy issued to Donald Long and that the trial court did not err in granting appellee's Motion for Summary Judgment while denying the Motion for Partial Summary Judgment filed by appellants. *Page 10 
 {¶ 27} Appellants' sole assignment of error is, therefore, overruled.
 {¶ 28} Accordingly, the judgment of the Fairfield County Court of Common Pleas is affirmed.
 Edwards, J. Farmer, P.J. and Wise, J., concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to appellants.
[1] This Court, in our Opinion, stated that it had been advised that the complaint against Terry Gates had been dismissed. *Page 1